MARJORIE BLACKBURN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blackburn v. Commissioner
Docket No. 6074-78.
United States Tax Court
T.C. Memo 1982-528; 1982 Tax Ct. Memo LEXIS 216; 44 T.C.M. (CCH) 1121; T.C.M. (RIA) 82528; September 15, 1982. *216 Petitioner and her husband were legally separated during the year in question and lived in separate residences during this time. Held, petitioner's income for 1974 must be calculated by reference to the head-of-household rates. Held further, petitioner is not entitled to a dependency exemption for her husband. Held further, a home office deduction claimed by petitioner for 1974 is disallowed. Held further, petitioner is not entitled to a sales tax deduction in excess of the amount allowed by respondent. Held further, business expenses incurred by petitioner in the amount of $225.78 are deductible from adjusted gross income rather than gross income. Marjorie Blackburn, pro se. Frank R. DeSantis, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated March 7, 1978 respondent determined a deficiency of $362.76 in petitioner's Federal income tax for the taxable year 1974. After concessions, the issues for decision are (1) whether petitioner is entitled to be taxed at head-of-household rates as claimed on her return, married filing jointly rates as claimed in her petition, or married filing separately rates as set forth *217 in the statutory notice of deficiency; (2) whether petitioner is entitled to a dependency exemption for her husband as claimed in her petition; (3) whether petitioner is entitled to a home office expense deduction of $650; (4) whether petitioner is entitled to a sales tax deduction in excess of the amount allowed by respondent; and (5) whether business expenses in the amount of $225.78 are deductible from gross income or from adjusted gross income. Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Cleveland, Ohio at the time of filing the petition herein. She filed an individual Federal income tax return for the taxable year 1974 with the Office of the Director, Internal Revenue Service. 1. Filing status.
Petitioner and her husband, Ray C. Blackburn, were legally separated during 1974. They lived in separate residences during this time, although Mr. Blackburn occasionally visited his wife, sometimes staying overnight. On her 1974 income tax return petitioner elected head-of-household rates. This filing status was denied by respondent in his statutory *218 notice based on the erroneous belief that petitioner and Mr. Blackburn were not legally separated. Respondent now concedes that petitioner correctly elected head-of-household rates on her 1974 income tax return. In her petition petitioner elected to file her 1974 return under joint filing status. Respondent denied this election. Section 6013(b)(2)(C), I.R.C. 1954, provides that an election to file a joint return cannot be made after the notice of deficiency for the year in question has been mailed to either spouse if a timely petition is filed by such spouse with the Tax Court. This Court has construed section 6013(b)(2)(C) to bar such election after the mailing of the notice of deficiency. Jacobson v. Commissioner,73 T.C. 610, 614 (1979). [1] Moreover, a taxpayer who is legally separated from his or her spouse under a decree of separate maintenance may not elect to file a joint return pursuant to section 6013(d)(2). Thus, petitioner's income tax for 1974 must be calculated by reference to the head-of-household rates. II. Dependency exemption.
In her petition to the Tax Court, petitioner claimed a dependency exemption for her *219 husband pursuant to section 151(e). Section 151(e) allows an exemption for a dependent as that term is defined in section 152. Section 152(a)(9) defines a dependent as any individual, other than a spouse, who maintains his principal place of abode at the home of the taxpayer and is a member of the taxpayer's household. Such individual additionally must receive over one-half of his support from the taxpayer. See sec. 152(a)(9). Petitioner has offered no evidence proving that Mr. Blackburn met the requirements of section 152(a). Petitioner is not entitled to an exemption for Mr. Blackburn pursuant to section 151(b) [2] *220 since, pursuant to then section 153(2), petitioner and Mr. Blackburn were not considered to be married for purposes of section 151(b) due to their legal separation. Because she utterly failed to carry her burden of proof with respect to this issue, we hold that petitioner is not entitled to claim Mr. Blackburn as a dependent for purposes of section 151(e). III. Home office deduction.
On her 1974 return petitioner claimed a $650 deduction as a home office expense. During that year petitioner was an elementary school teacher. She stated that she used part of her bedroom and part of her kitchen to correct papers and to prepare lessons. There was no evidence that her employer required her to maintain a home office. As the law stood in 1974, "home office expenses" were deductible if they were "ordinary and necessary expenses incurred * * * in carrying on any trade or business." [3] Sec. 162(a). Expenses are considered "necessary" if they are "appropriate and helpful" in the development of petitioner's business. Welch v. Helvering,290 U.S. 111, 113 (1933). However-- [w]here there is a *221 mixture of personal and business considerations, that test, like the statutory "ordinary and necessary" test, requires a weighing and balancing of all the facts so that they may be given the proper order of importance, bearing in mind the precedence of section 262, which denies deductions for personal expenses, over section 162, which allows deductions for business expenses. * * * [Sharon v. Commissioner,66 T.C. 515, 524 (1976), affd. per curiam 591 F.2d 1273 (9th Cir. 1978), cert. denied 442 U.S. 941 (1979).] Petitioner has not proven to our satisfaction that she took her work home for business, as opposed to personal, reasons. There apparently was no requirement by her employer that she take her work home. [4] See Sharon v. Commissioner,66 T.C. at 524. Furthermore, petitioner did not establish that she incurred any additional expenses as a result of the activities giving rise to her claimed deduction. She only used part of her kitchen and part of her bedroom to perform her work. Such use no doubt inextricably overlapped with her personal use. No evidence was submitted proving that petitioner incurred expenses in excess of those that would have been incurred had petitioner not *222 performed any work at home. Cf. Fausner v. Commissioner,413 U.S. 838, 839 (1973). [5] For these reasons, the claimed deduction must be disallowed. IV. Sales tax deduction.
On her 1974 return petitioner deducted $12 in sales taxes paid on the purchase of a sofa. This was in addition to a $131 general sales tax deduction taken by petitioner that was computed by reference to the sales tax table provided by respondent. State and local general sales taxes are deductible under section 164(a)(4). Petitioner was unable to offer any evidence to demonstrate that she was entitled to a greater deduction for sales tax than was allowed by respondent. The tax tables are intended to incorporate taxes paid for such minor expenses as the purchase of a sofa. [6] Respondent's determination is sustained. V. Deduction of business expenses.
Petitioner deducted $225.78 in "business expenses" from gross income on her 1974 tax return. The deduction included expenses incurred for such items as the "use of tape *223 recorder, typewriter and calculator" and "educational supply receipts." Respondent insists that such expenses must be deducted from adjusted gross income rather than gross income. We agree. Section 62(2) authorizes the deduction from gross income of employee business expenses only if such expenses are (1) reimbursed expenses; (2) expenses for travel away from home; (3) transportation expenses; or (4) outside salesmen expenses. Petitioner has not proven that any of the disputed expenses incurred by her fall within any of the four categories of section 62(2). Accordingly, the deduction of such expenses from gross income was incorrect. The expenses must be deducted from adjusted gross income. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. See also Beran v. Commissioner,T.C. Memo. 1980-119↩.
2. Sec. 151(b), as in effect for the 1974 taxable year, provided as follows: SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (b) Taxpayer and Spouse.--An exemption of $750 for the taxpayer; and an additional exemption of $750 for the spouse of the taxpayer if a joint return is not made by the taxpayer and his spouse, and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not a dependent of another taxpayer.
3. For taxable years beginning after Dec. 31, 1975 the deductibility of home office expenses was severely limited by sec. 280A, added by sec. 601(a) of Pub. L. 94-455, 90 Stat. 1569, Oct. 4, 1976.↩
4. See Salviati v. Commissioner,T.C. Memo. 1977-257↩. 5. See Monsky v. Commissioner,T.C. Memo. 1977-259↩.
6. See Vogel v. Commissioner,T.C. Memo. 1977-209; Feistman v. Commissioner,T.C. Memo. 1982-306↩.